# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**COWBOYS FOR TRUMP, INC,**
**KARYN K. GRIFFIN, former LLC**
**member of Cowboys for Trump and in**
**her individual capacity, COUY**
**GRIFFIN, as an LLC Member and in his**
**individual capacity,**

      **Plaintiffs,**

v.

                                     Case No: 2:20-cv-00587-GJF-SMV

**MAGGIE TOULOUSE OLIVER, in her**
**official capacity as Secretary of State of**
**New Mexico,**

      **Defendant.**

## ANSWER

Defendant Maggie Toulouse Oliver, in her official capacity as New Mexico Secretary of State, hereinafter referred to as "Defendant," submits her answer and affirmative defenses to Plaintiffs' Complaint for Civil Rights Violations Seeking Declaratory and Injunctive Relief, hereinafter referred to as "Complaint." Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## INTRODUCTION

1. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 concerning Plaintiffs' purpose in bringing this action. To the extent Paragraph 1 sets forth factual allegations, Defendant denies that it violated Plaintiffs' right of

*Cowboys for Trump, Inc. v. Oliver*, Case No. 2:20-cv-00587-GJF-SMV
*Answer*
Page **1** of **13**

freedom of speech and association to organize, and equal protection of the law, and therefore denies same.

2. Defendant denies Plaintiffs' characterization of the First Amendment in Paragraph 2, and further denies Plaintiffs' characterization of the law.

3. The case cited in Paragraph 3 and the cited quote from *Citizens United v. FEC*, 558 U.S. 310, 339 (2010) speaks for itself. Defendant denies that the case supports Plaintiffs' civil rights action or supports Plaintiffs' allegations that Defendant violated Plaintiffs' right to freedom of speech and association to organize.

4. The case sited in Paragraph 4 speaks for itself. Defendant denies Plaintiffs' characterization of the cited case.

5. The case cited by Plaintiffs in Paragraph 5 speaks for itself. Defendant denies Plaintiffs' characterization of the cited case.

6. The cited case and the New Mexico Constitution speak for themselves. Defendant denies Plaintiffs' characterization of the cited case.

7. Defendant admits that the Secretary of State "may adopt and promulgate rules and regulations to implement the provisions of the Campaign Reporting Act," NMSA 1978, §§ 1-19-25 to -36, including as amended by Senate Bill 3 (2019). NMSA 1978, § 1-19-26.2. Senate Bill 3 speaks for itself, and Defendant denies Plaintiffs' characterization of the bill and 1.10.13 NMAC. Defendant denies any remaining allegations in Paragraph 7.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 concerning Plaintiffs' alleged activities, contributions and expenditures. Defendant denies that Plaintiffs have not or will not make independent expenditures that are

*Cowboys for Trump, Inc. v. Oliver*, Case No. 2:20-cv-00587-GJF-SMV
*Answer*
Page **2** of **13**

required to be reported under the Campaign Reporting Act, and demands strict proof thereof. Defendant asserts that Plaintiffs' activities require registration, disclosure, and disclaimer under the Campaign Reporting Act. Defendant denies that all independent expenditures require registration, disclosure, disclaimers.

9. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 9 concerning Plaintiffs' purpose in bringing this action. The remainder of Paragraph 9 consists of a summary of Plaintiffs' complaint to which no response is required.

10. Defendant admits the allegations in Paragraph 10.

11. Defendant Secretary of State denies the allegations in Paragraph 11 that it cannot constitutionally require registration and disclosure requirements of Cowboys for Trump. Defendant states that the cited case speaks for itself and should be read and interpreted in its entirety. Defendant denies that the cited case supports Plaintiffs' proposition that the Secretary of State cannot regulate Cowboys for Trump.

12. Defendant states that the cited quote from *New Mexico Youth Organized v. Herrera*, 611 F.3d at 669 (10th Cir. 2010), speaks for itself. Defendant denies that the cited case is applicable to the factual situation in this case.

13. Defendant denies that Cowboys for Trump is in "the same boat" as the plaintiffs in the cited case, because Cowboys for Trump's primary purpose is to influence elections. Defendant denies that Cowboys for Trump has "not expended a single penny on independent expenditures in support of or in opposition to any candidate for office, much less a state office," and Defendant demands strict proof thereof. Defendant denies the remaining allegations in Paragraph 13.

## JURISDICTION AND VENUE

14. Defendant denies that Plaintiffs have stated a claim under the cited statutory provisions. Defendants deny that this Court has jurisdiction. Defendants deny that venue is proper in this Court under 28 U.S.C. § 1391(b).

## PARTIES

15. Defendant denies the allegations in Paragraph 15 because Cowboys for Trump, Inc., as identified in the caption of the Complaint, does not exist. To the extent that the allegations in Paragraph 15 are intended to relate to Cowboys for Trump, LLC, Defendant admits that Cowboys for Trump, LLC has accepted contributions from supporters. Defendant is without knowledge or information sufficient to admit or deny the purpose for which contributions are used by Cowboys for Trump, LLC, and demands strict proof thereof. Defendant denies the remaining allegations in Paragraph 15.

16. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 16, and therefore denies same.

17. Defendant admits that Couy Griffin is a resident of Otero County and a member of the Otero County Commission. Defendant denies that Couy Griffin is a founding member of Cowboys for Trump, Inc. because no such entity exits. Defendant is without knowledge or information sufficient to admit or deny that Couy Griffin is a founding member of Cowboys for Trump, LLC.

18. Defendant admits the allegations in Paragraph 18.

# FACTUAL ALLEGATIONS

19. Defendant admits that the New Mexico Legislature passed Senate Bill 96 in the March 2017 legislative session, and that Governor Susana Martinez vetoed the bill on April 7, 2017. Defendant states that Senate Executive Message No. 56, dated April 7, 2017, speaks for itself. Defendant is without sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 19.

20. Defendant admits that a Press Release was issued on April 7, 2017, which contains the statements quoted in Paragraph 20. The press release speaks for itself. Defendant denies Plaintiffs' characterizations of the statements as indicative of "policy priority" or as suggestive of any conclusions made by the Defendant.

21. Defendant admits that the Secretary of State adopted a version of 1.10.13 NMAC that went into effect on October 10, 2017. Defendant denies that this is the operative version of 1.10.13, which was amended again in 2019. Defendant admits that a Press Release was issued on September 8, 2017 concerning the 2017 rule. The press release speaks for itself. Defendant denies that the quoted statement in Paragraph 21 taken from the Press Release was made by the Defendant. Defendant denies the remaining allegations in Paragraph 21.

22. Defendant states that Rule 1.10.13.7(Q)(3)(c) NMAC speaks for itself. Defendant denies the characterization of the definition of "independent expenditure" as an expansion of the definition. Defendant denies the remaining allegations in Paragraph 22.

23. Defendant states that 1.10.13.11(D)(2) NMAC speaks for itself. Defendant notes that Plaintiffs' description of 1.10.13.11(D) relies on a prior version of the rule and that the current rule triggers disclosure requirements upon expenditures of more than $9,000 in a statewide election

or ballot question. Defendant admits that NMSA 1978, Section 1-19-35(A) (2019) and 1.10.13.15(E) NMAC (2019) authorize the Defendant to impose fines for late filing of expenditure and contribution reports, or no activity reports, up to a maximum of $5,000. Defendant denies Plaintiffs' characterizations of the rule and any remaining allegations in Paragraph 23.

24. Defendant admits that Senate Bill 3 (SB 3) was adopted by the New Mexico legislature in March 2019 and signed into law by the Governor on April 4, 2019. Defendant asserts that SB 3 speaks for itself and denies Plaintiffs' characterizations of SB 3.

25. Defendant admits the allegations in Paragraph 25.

26. NMSA 1978, Section 1-19-26.1(C) speaks for itself. Defendant denies Plaintiffs' characterizations of Section 1-19-26.1(C).

27. NMSA 1978, Section 1-19-27.3(C) speaks for itself. Defendant denies Plaintiffs' characterizations of Section 1-19-27.3(C).

28. NMSA 1978, Section 1-19-27.3(D)(2) speaks for itself. Defendant denies Plaintiffs' characterizations of Section 1-19-27.3(D)(2).

29. Defendant admits that if an entity is required under the Campaign Reporting Act to submit an expenditure report and does so, then Defendant posts the report to its website. *See* NMSA 1978, § 1-19-32(C) (2019). The information required to be contained in those reports is determined by the Campaign Reporting Act and regulations promulgated thereunder. Defendant denies any remaining allegations in Paragraph 29.

30. NMSA 1978, Section 1-19-26.4 (2019) speaks for itself. Defendant denies Plaintiffs' characterizations of Section 1-19-26.4.

31. Defendant admits that Plaintiffs engage in issue advocacy, among other activities. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations on Paragraph 31.

32. Defendant admits that Cowboys for Trump, LLC raises money from New Mexico donors. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 32.

33. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 33 and demands strict proof thereof.

34. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 34. Defendant denies any implication that protests, boycotts, or any other protected First Amendment speech justifies an exception to disclosure requirements.

35. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 35.

36. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 36 concerning Plaintiffs' future activities. Defendant states that NMSA 1978, Sections 1-19-36 (2019) and 1-19-34.6(B) (2019) and 1.10.13.15(E) NMAC speak for themselves. Defendant denies that Plaintiff Cowboys for Trump, INC is a corporation or corporate entity. Cowboys for Trump is a limited liability company, registered to do business in New Mexico pursuant to the Limited Liability Company Act, NMSA 1978, §§ 53-19-1 to 53-19-74, under Business number ID 5862701 with its stated purpose as "political." The case cited in Paragraph 36 speaks for itself. Paragraph 36 also contains an incomplete hypothetical regarding possible future activity to which no response is required.

37. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 37. Defendant denies any implication that SB 3 will force Plaintiffs to silence their speech.

38. Defendant denies that Plaintiffs have suffered an injury, and therefore denies that Plaintiffs lack a remedy at law.

## COUNT I

### By requiring Plaintiffs to disclose their members and supporters, Oliver violates the First and Fourteenth Amendments

39. Defendant denies the heading preceding Paragraph 39. Defendant incorporates its responses to each of the foregoing paragraphs, as set forth above.

40. The cases cited in Paragraph 40 speak for themselves and should be read and interpreted in their entirety. Defendant admits that the First Amendment is incorporated against the States pursuant to the Fourteenth Amendment. Defendant denies that 1.10.13.15 NMAC and SB 3 violate the First Amendment, including as a result of its disclosure requirements. Defendant denies any remaining allegations in Paragraph 40.

41. The cases cited in Paragraph 41 speak for themselves and should be read and interpreted in their entirety. Defendant denies that the Rule and the Bill cannot meet any applicable standards of constitutional scrutiny. Defendant denies that SB 3 operates as a membership-disclosure regulation or that the cited cases are relevant to this action. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 41 concerning Plaintiffs' history of illicit conduct or embrace of unlawful means and ends. Defendant denies any remaining allegations in Paragraph 41 and demands strict proof thereof.

42. Defendant denies the allegations contained in Paragraph 42.

## COUNT II

**By requiring Plaintiffs to register and disclose their sponsorship
of issue advocacy, Oliver violates the First and Fourteenth Amendments.**

43. Defendant denies the heading preceding Paragraph 43. Defendant incorporates its responses to each of the foregoing paragraphs, as set forth above.

44. The cases cited in Paragraph 44 speak for themselves and should be read and interpreted in their entirety. Defendant admits that the First Amendment is incorporated against the States pursuant to the Fourteenth Amendment. Defendant denies that the Rule and the Bill violate the First Amendment, including as a result of its registration and disclaimer requirements. Defendant denies any remaining allegations in Paragraph 44.

45. The case cited in Paragraph 45 speaks for itself and should be read and interpreted in its entirety. Defendant denies the remaining allegations in Paragraph 45.

46. Defendant denies the allegations contained in Paragraph 46.

## COUNT III

**The Rule is ultra vires because Oliver acted beyond her constitutional authority to promulgate it.**

47. Defendant denies the heading preceding Paragraph 47. Defendant incorporates its responses to each of the foregoing paragraphs, as set forth above.

48. Defendant denies the allegations in Paragraph 48 on its merits and because this Court lacks jurisdiction to hear it and because the claim is moot because the Secretary

promulgated a rule on October 16, 2019, effective on October 29, 2019, amending the reporting and disclosure requirements in 1.10.13 NMAC to conform with Senate Bill 3 (2019).

49. Defendant denies the allegations in Paragraph 49.

50. Defendant denies the allegations in Paragraph 50 that the Secretary enacted her policy preferences into law. The case cited in Paragraph 50 speaks for itself, and should be read and interpreted in its entirety. Defendant denies the remaining allegations in Paragraph 50.

51. The cases cited in Paragraph 51 speak for themselves, and should be read and interpreted in their entirety. Defendant denies the remaining allegations in Paragraph 51 and further denies the characterization of the cases as applicable to the Secretary in the instant case.

52. Defendant denies all allegations in Paragraph 52.

53. Defendant denies there are infirmities with Rule 1.10.13 NMAC (2019). Defendant promulgated 1.10.13 NMAC (2019) after the Bill was passed and to implement 2019's legislative revisions to the Campaign Reporting Act. Defendant denies all remaining allegations in Paragraph 53.

54. Defendant admits that acts that offend the New Mexico Constitution are void ab initio, but Defendant denies that the Secretary's actions can be characterized as such. Defendant denies the remaining allegations in Paragraph 54.

## COUNT IV

**Plaintiffs are entitled to a declaratory judgment that New Mexico's Campaign Act, as applied to Plaintiffs, is preempted by the Federal Campaign Act**

55. Defendant denies the heading preceding Paragraph 55. Defendant incorporates its responses to each of the foregoing paragraphs, as set forth above. Defendant states that 52 U.S.C § 30143(a) speaks for itself and that 52 U.S.C. § 30143 should be read and interpreted in its entirety.

56. Defendant denies any implication that the laws in this preceding are superseded and states that 11 CFR § 108.7(b)(1-3) speaks for itself, and that it should be read and interpreted in its entirety and specifically in relation to other federal campaign finance laws that require duplicate disclosure of campaign reports with appropriate state officers. *See, e.g.*, 52 U.S.C. § 30113.

**57.** Defendant denies that Plaintiff is entitled to a declaratory judgment or that NMSA 1978, Section 1-19-26.1(E) is preempted by federal law. Defendant denies that the Federal Election Campaign Act preempts registration and disclosure requirements under New Mexico's Campaign Reporting Act specific to this case.

## PRAYER FOR RELIEF

Defendant denies the allegations in Plaintiffs' "Prayer for Relief" Paragraph, including that Plaintiffs are entitled to the requested relief.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim upon which relief may be granted, including without limitation, for a declaratory judgment or injunctive relief.

2. Plaintiffs have failed to state a claim upon which attorney's fees or damages may be granted.

3. Plaintiffs lack standing, including because they have not suffered an injury in fact.

4. Plaintiff, Cowboys for Trump, Inc. has no standing because it does not exist as an entity.

5. Plaintiffs lack standing and this Court lacks jurisdiction as to any issues governed by New Mexico's Election Code and previously decided by voluntary and binding arbitration pursuant to NMSA 1978, Section 1-19-34.4(D) & (E) (1995).

6. Plaintiffs' requests for declaratory judgment and injunctive relief are unenforceable and vague.

7. Plaintiffs' claims are barred by the preclusive effect of prior litigation, including the arbitration decision issued July 7, 2020 by Arbitrator Christian Doherty.

8. Plaintiffs' claim challenging 1.10.13 NMAC as ultra vires is barred by Eleventh Amendment immunity.

9. Plaintiffs' claim challenging 1.10.13 NMAC as ultra vires is moot as a result of subsequent rulemaking following the enactment of SB 3 (2019).

10. The Court lacks supplemental jurisdiction over Plaintiffs' state-law claim challenging 1.10.13 NMAC as ultra vires.

11. Plaintiff's claims are barred by the *Younger* Abstention doctrine.

12. Plaintiffs are collaterally estopped from re-litigating the issues within the jurisdiction of and decided by the Arbitrator in binding statutory arbitration between Cowboys for Trump, LLC and Defendant.

13. Defendant reserves the right to amend or supplement this Answer and affirmative defenses as discovery and litigation progresses.

WHEREFORE, Defendant requests a judgment that Plaintiffs are not entitled to any of the relief sought, including a declaratory judgment, injunctive relief, or attorney's fees.

Respectfully Submitted,

HECTOR H. BALDERAS
New Mexico Attorney General

By: */s/ Amye Green*
Neil Bell
Amye Green
Assistant Attorney General
Post Office Drawer 1508
Santa Fe, NM 87504-1508
(505) 490-4859
nbell@nmag.gov
agreen@nmag.gov

*Attorneys for Defendant Secretary of State Maggie Toulouse Oliver*

## CERTIFICATE OF SERVICE

I certify that on August 3, 2020, I served the foregoing on counsel of record for all parties via the CM/ECF system.

/s/ *Amye Green*_____
Amye Green