**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Before the Honorable Stephan M. Vidmar
United States Magistrate Judge

**Clerk's Minutes**

*Cowboys for Trump, Inc. v. Oliver*, 20-cv-0587 GJF/SMV

**August 14, 2020**

| | |
|---|---|
| **Attorney for Plaintiffs:** | Colin Lambert Hunter |
| **Attorneys for Defendants:** | Amye Gayle Green<br>Neil Bell |
| **Proceedings:** | Telephonic Status Conference |
| *Start Time:* | 9:31 a.m. |
| *Stop Time:* | 10:08 a.m. |
| **Total Time:** | 37 minutes |
| **Clerk:** | JCM |
| **Notes:** | — Counsel enter their appearances.<br>— The Court discusses opposed motions to extend the discovery period. The Court explains that, under Tenth Circuit law, a party moving to extend the discovery deadline must show "good cause." The primary factor in determining whether good cause exists is the moving party's diligence throughout the discovery process.<br>— Mr. Hunter expects the case to be resolved on briefing prior to trial. Both counsel agree that discovery will be required.<br>— Mr. Bell raises doubt as to the standing of "Cowboys for Trump, Inc." to sue, on the ground that the organization is not actually incorporated. Mr. Hunter concedes that the entity is an LLC rather than a corporation. The Court encourages counsel to attempt to agree on how to resolve the problem of the incorrectly identified entity, for example, by amendment by interlineation.<br>— Counsel do not anticipate any jurisdictional or venue issues. |

- The Court instructs the parties to not delay production of documents when they dispute the *form* of a confidentiality order. If the parties cannot agree on its form, the Court will likely direct them to use a version of the sample order in § 40-27 of the MANUAL FOR COMPLEX LITIGATION (FOURTH) (2015). If the parties dispute whether a confidentiality order is needed, they should notify chambers.
- Counsel do not believe this will be a document-heavy case.
- Because of the limited discovery time period anticipated by the Rules, the Court encourages the parties to begin discovery early. This helps the parties to identify and bring to the Court's attention any disputes that arise before the end of the discovery period.
- The parties have not yet started any formal discovery.
- The Court instructs the parties to *produce*—that is, actually exchange—prior to the Rule 16 scheduling conference, any documents identified in the initial disclosures or in the JSR that are in the parties' possession. Parties may list documents broadly by category or specifically. If a party lists documents broadly by category, all documents in that party's possession that fall within that category should be produced without a request for production.
- The documents produced should be Bates-stamped and organized appropriately. If the parties have already produced documents that are not Bates-stamped, they should produce copies that are Bates-stamped.
- A party cannot avoid his or her responsibilities under the Rules by identifying a universe of documents but producing only a small percentage of those documents, thus attempting to reserve the right to use at trial documents that have never been produced.
- The Court recommends that the parties exchange (rather than serve) written discovery requests before the meet-and-confer session. The requests will then be considered served on the date of the meet-and-confer. This helps to inform the discussion at that session and aids the parties in identifying and addressing disputes early in the proceedings.
- Plaintiffs must provide a computation of damages, and the documents upon which it is based, in their initial disclosures. Mr. Hunter states that he will specify the precise injunctive relief requested in the initial disclosures.
- The Court encourages the parties to use the JSR as an opportunity to resolve as many issues as possible by

stipulation. In particular, it is useful to stipulate to the authenticity of documents whenever possible.
— Counsel must address in the JSR their procedure for conducting depositions during Covid-19. The Court will not compel a person to attend an in-person deposition if she is uncomfortable doing so.
— The standard discovery period is either 150 or 180 days. Parties normally are allowed 10 depositions per side at 4 hours for fact witnesses and 7 hours for experts and parties, 25 requests for production, and 25 interrogatories. If the parties request discovery different than these standard amounts, they must be ready to discuss it at the Scheduling Conference.
— Counsel should be prepared to discuss the sufficiency of initial disclosures (i.e., state whether they are satisfied that the other side has met its obligations under Rule 26) at the Rule 16 Scheduling Conference. If a dispute arises with respect to the initial disclosures that would delay the discovery process, or if a party is unable to make its initial disclosures, counsel should notify chambers in advance of the Scheduling Conference.
— The Court advises counsel on the process for consenting to a magistrate judge and encourages the parties to consider it.
— The Court will issue an Initial Scheduling Order setting out the relevant deadlines and setting the Rule 16 Scheduling Conference. The meet-and-confer deadline will be approximately 4 weeks out, the JSR 6 weeks out, initial disclosures 7 weeks out, and the Rule 16 Scheduling Conference 9 weeks out. Counsel agree to the above deadlines.
— Counsel agree to holding the Rule 16 Scheduling Conference telephonically.
— There being nothing further, Court is in recess.