IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**COWBOYS FOR TRUMP, INC.,
KARYN K. GRIFFIN, former LLC
member for Cowboys for Trump and in
her individual capacity, COUY
GRIFFIN, as an LLC Member and in his
individual capacity,**

      **Plaintiffs,**

**v.**

Case No: 2:20-cv-0587 GJF/SMV

**MAGGIE TOULOUSE OLIVER, in her
official capacity as Secretary of State of
New Mexico,**

      **Defendant.**

## MOTION FOR JUDGMENT ON THE PLEADINGS

After receiving multiple complaints about political activities by Cowboys for Trump, LLC, Defendant Maggie Toulouse Oliver (the "SOS" or the "Secretary") determined that Cowboys for Trump, LLC is a political committee under the New Mexico Campaign Reporting Act (CRA) and therefore subject to the reporting, disclosure, and disclaimer requirements of the CRA. *See* N.M. Stat. Ann. § 1-19-34.4 (1997) (providing that the secretary of state may investigate whether any provision of the CRA has been violated); *see also, e.g.*, N.M. Stat. Ann. § 1-19-26.1 (2019) (setting forth registration and disclosure requirements for political committees). That determination was upheld in binding arbitration, and Cowboys for Trump, LLC was ordered to register with the

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **1** of **20**

Secretary and pay fines for failing to comply with the CRA in the two previous election cycles. To date, Plaintiffs have not complied with the arbitration ruling.

Rather than seek judicial review of the Secretary's determination, Plaintiffs filed the instant lawsuit to challenge the CRA's registration, disclosure, and disclaimer requirements that apply to political committees that make independent expenditures. Accepting the Secretary's determination that Cowboys for Trump, LLC is a political committee, Plaintiffs seek declaratory and injunctive relief to avoid the application of the CRA's requirements to Cowboys for Trump, LLC. Plaintiffs claim that the CRA's requirements violate their First Amendment rights to free speech and association; they seek a declaration that a 2017 regulation promulgated by the SOS is *ultra vires* and void *ab initio*; and they seek a declaration that N.M. Stat. Ann. § 1-19-26.1(E), which excepts certain political committees from the CRA's registration and disclosure requirements, is preempted by federal law.

This motion seeks dismissal of Plaintiffs' Complaint under Fed. Rule Civ. P. 12(C). First, Plaintiffs' claim challenging the 2017 regulation is moot because the regulation was superseded in 2019 to comport with recent statutory amendments to the CRA. Second, with respect to Plaintiffs' First Amendment claims, Plaintiffs repeatedly allege that they "have not and will not" make any financial contributions or independent expenditures that would subject them to the registration, reporting, and disclaimer requirements of the CRA. [Doc. 1, ¶¶ 8, 13] As a result, Plaintiffs have failed to allege an injury in fact that can be redressed in this proceeding and therefore lack standing. And third, Plaintiffs have failed to demonstrate that they are subject to Section 1-19-26.1(E) or would benefit from a ruling that the provision is preempted. Plaintiffs similarly fail to state a claim

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **2** of **20**

that the CRA is preempted with respect to the regulation of political committees that support state candidates or state ballot questions in state elections.

Pursuant to Local Rule 7.1(a), the Secretary consulted with Plaintiffs and did not receive a timely response about whether they oppose this motion. Plaintiffs' opposition therefore is presumed.

### I. Count III Should Be Dismissed Because Plaintiffs Lack Standing to Challenge a Superseded Rulemaking That Would Not Alter Their Requirements, Even If Vacated.

Plaintiffs contend in Count III that the Secretary of State's 2017 regulations implementing the Campaign Reporting Act are *ultra vires*. The allegation in this claim is that the Secretary's rulemaking was an attempt to implement by regulation laws that had been vetoed by the Governor. Plaintiffs bring this claim even though in 2019 the New Mexico Legislature enacted a statute containing registration, reporting, and disclosure requirements very similar to the challenged 2017 regulations, and even though the Secretary has since promulgated new regulations implementing the 2019 law and replacing the 2017 regulations challenged in Count III.

Plaintiffs' challenge to the 2017 rulemaking as *ultra vires* should be dismissed for two reasons. First, the 2017 regulations have been superseded and Plaintiffs' claim therefore is moot and will not redress their alleged injuries. Second, the Court lacks supplemental jurisdiction over Count III because it asserts a claim for which Eleventh Amendment sovereign immunity has not been waived.[1]

---

[1] Plaintiffs' counsel, on behalf of other clients in a separate lawsuit, voluntarily dismissed a substantially identical challenge to the 2017 rulemaking after the Secretary filed a motion to dismiss on the same grounds raised in the present Motion. *See* Stipulation to Voluntarily Dismiss Count III, *Rio Grande Found'n v. Oliver*, No. 1:19-cv-01174-LF-JFR (D.N.M. Mar. 13, 2020) (Doc. 22) (signed by Colin Lambert Hunter); *see also* Motion to Dismiss Count III Challenge to

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **3** of **20**

A. <u>The Court Lacks Jurisdiction over Count III Because the Claim is Moot and Will Not Redress Plaintiffs' Alleged Injuries.</u>

At the outset, it must be determined whether Plaintiffs meet the constitutional standing requirements to bring their claims. *See Gill v. Whitford*, 138 S. Ct. 1916, 1923 (2018) ("a plaintiff seeking relief in federal court must first demonstrate that he has standing to do so, including that he has a personal stake in the outcome" (internal quotation marks and citation omitted)). The burden to establish standing is on the plaintiff. *Wittman v. Personhuballah*, 136 S. Ct. 1732, 1737 (2016). "The irreducible constitutional minimum of standing" requires that the "plaintiff must have (1) suffered an injury in fact, (2) that is fairly tradeable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Renewable Fuels Ass'n v. EPA*, 948 F.3d 1206, 1231 (10th Cir. 2020) (quotation marks and internal citations omitted). "To demonstrate redressability, a party must show that a favorable court judgment is likely to relieve the party's injury." *City of Hugo v. Nichols (Two Cases)*, 656 F.3d 1251, 1264 (10th Cir. 2011). Furthermore, a court has "no subject-matter jurisdiction if a case is moot. The crucial question is whether granting a *present* determination of the issues offered will have some effect in the real world." *Prison Legal News v. Fed. Bureau of Prisons*, 944 F.3d 868, 879–80 (10th Cir. 2019) (internal quotation marks and citations omitted, emphasis in original).

Count III fails this initial standing inquiry because any injury caused by allegedly *ultra vires* rulemaking in 2017 is both not redressable and moot. Count III challenges the Secretary's

---

Secretary's Rulemaking as Ultra Vires, *id.* (Feb. 28, 2020) (Doc. 20). Undersigned counsel has reminded Plaintiffs' counsel on two separate occasions of the voluntary dismissal and has asked whether Plaintiffs have good grounds to include the identical claim in the Complaint in this lawsuit. To date, Plaintiffs have neither amended the Complaint to omit Count III nor stipulated to voluntarily dismiss Count III.

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **4** of **20**

adoption of a rule that has since been superseded by rulemaking. The Complaint discusses the Secretary's rulemaking in 2017 following the veto of Senate Bill 96 (2017). [Doc. 1, ¶ 19-23] Plaintiffs incorrectly assert that the Secretary has not promulgated rules to implement 2019's legislative revisions to the Campaign Reporting Act. [Doc. 1, ¶ 53 ("She has not issued new regulations in accord with the [2019] Bill and those in the Rule hang in the air unsupported by statutory or constitutional scaffolding.")] In fact, the Secretary promulgated a rule on October 16, 2019, effective on October 29, 2019, amending the reporting and disclosure requirements in 1.10.13 NMAC to conform with Senate Bill 3 (2019). The 2017 rulemaking Plaintiffs challenge is no longer the law, and has been replaced by a rule adopted to implement Senate Bill 3.[2]

> i. Count III Lacks Redressability Because Plaintiffs Will Be Subject to the Same Requirements Even If the Rules Are Vacated.

First, Plaintiffs' challenge to the 2017 rulemaking does not allege a redressable injury. Even if Plaintiffs were to prevail on Count III and obtain their requested relief vacating the 2017 rules, the CRA's nearly-identical registration, reporting, and disclosure requirements would remain in place, leaving Plaintiffs' purported injury from those requirements uncured. *Compare* 1.10.13.11 NMAC *with* N.M. Stat. Ann. § 1-19-27.3. Where a plaintiff's claim would still be prohibited by laws other than that challenged, the claim lacks redressability because any injury would persist after a judgment on the claim. That is, "[o]ne law alone does not cause an injury if the other law validly outlaws all the same activity." 13A Wright et al., Fed. Prac. & Proc. Juris. § 3531.5 (3d ed. 2019), at n.42.50; *see also Renne v. Geary*, 501 U.S. 312, 319 (1991) ("reason to doubt"

---

[2] The rulemaking record is available at: https://www.sos.state.nm.us/legislation-and-lobbying/legal-resources/notice-of-proposed-rulemaking-july-16-2019/

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **5** of **20**

redressability where separate statute prohibits action); *White v. United States*, 601 F.3d 545, 552 (6th Cir. 2010) (injury caused by federal law cannot be redressed where state prohibitions would remain in place); *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 461–62 (6th Cir. 2007) ("even in the absence of these regulations … that would not redress plaintiffs' injury because [other] restrictions … would still preclude plaintiffs").

Plaintiffs suggest that there are some discrepancies between 1.10.13 NMAC and the CRA, hinting at an independent injury redressable by vacating the rule. [Doc. 1, ¶ 54 ("[T]he Rule in some instances sets lower thresholds for reporting and disclosure than the Bill.")] This appears to refer to since-amended parts of 1.10.13 NMAC, before it was changed to reflect Senate Bill 3 (2019). But even if there are some discrepancies between the statute and the rule, those differences cannot form the basis of an injury, because any conflicting rules are without legal effect. Under the New Mexico Rules Act, "[n]o rule is valid or enforceable if it conflicts with statute. A conflict between a rule and a statute is resolved in favor of the statute." N.M. Stat. Ann. § 14-4-5.7(A). Moreover, Plaintiffs do not allege any intended behavior that would violate the rule but not the statute. Instead, Plaintiffs proclaim that they do not intend to make independent expenditures or financial contributions at all. [Doc. 1, ¶ 8] Simply, whether or not Plaintiffs can show that the 2017 rulemaking was *ultra vires*, they still will be subject to the same campaign disclosure requirements.

    ii.  <u>Count III Is Moot Because the 2017 Rulemaking Has Been Superseded By a New Rulemaking Following Senate Bill 3.</u>

Count III also should be dismissed because it is moot. The basis of Plaintiffs' claim is that the Secretary lacked authority under the New Mexico Constitution to promulgate rules contravening the Governor's veto. [*See* Doc. 1, ¶¶ 49–53] However, the 2017 rule is no longer in

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **6** of **20**

effect. Rather, the current version of 1.10.13 NMAC was enacted following the Legislature's passage of Senate Bill 3 (2019), which imposed nearly-identical registration, reporting, and disclosure requirements to those contained in 1.10.13 NMAC. This subsequent history, following the 2017 rulemaking, makes academic any question of whether the 2017 rulemaking was *ultra vires*. The 2019 rulemaking, which followed a parallel legislative enactment, has none of the infirmities Plaintiffs allege.

Because a holding that the 2017 rulemaking was *ultra vires* would have no effect in the real world, where the 2019 rulemaking is now in effect, Count III is moot. *Prison Legal News*, 944 F.3d at 879–80. Indeed, as the Tenth Circuit has recognized, the adoption of a new rule renders moot challenges to the rulemaking of an old rule. *Wyoming v. U.S. Dept. of Agr.*, 414 F.3d 1207, 1212 (10th Cir. 2005); *see also Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1113 (10th Cir. 2010) (finding claim moot where "we are not situated to issue a *present* determination with real-world effect because [the] regulations no longer are operational").

   B. <u>The Court Lacks Supplemental Jurisdiction Over Count III Because It Asserts a Claim to Which the State Has Eleventh Amendment Immunity.</u>

The Complaint does not identify the jurisdictional basis for Count III. [*See* Doc. 1, ¶ 14 (identifying jurisdictional basis only for First Amendment claims under 28 U.S.C. §§ 1331 and 1343)] Because Count III raises a state law claim that the Secretary's 2017 rulemaking violated Article III, Section 1 of the New Mexico Constitution, the federal question jurisdiction identified in Plaintiffs' Complaint cannot serve as a basis for this Count. Presumably, Plaintiffs rely on the federal courts' supplemental jurisdiction under 28 U.S.C. § 1367. That statute gives district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within [a

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **7** of **20**

court's] original jurisdiction that they form part of the same case or controversy," with listed exceptions.

However, 28 U.S.C. § 1367's provision of supplemental jurisdiction does not extend to claims barred by Eleventh Amendment immunity. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 542 (2002) ("we hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants"); *see also Pettigrew v. Oklahoma ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013). As the Supreme Court held in *Pennhurst State School and Hospital v. Halderman*, supplemental jurisdiction "does not permit such an evasion of the immunity guaranteed by the Eleventh Amendment," such that a claim alleging that state officials violated state law can be brought in federal court. 465 U.S. 89, 121 (1984); *see also Raygor*, 534 U.S. at 540–42 (recognizing that *Pennhurst*'s holding was not altered by the statutory enactment of supplemental jurisdiction in 28 U.S.C. § 1367). "The supplemental jurisdiction statute does not override the sovereign immunity enjoyed by states under the Eleventh Amendment and related doctrines. Accordingly, absent waiver of immunity, federal courts have no jurisdiction under § 1367 for claims asserted against a state." 13D Wright et al., *Fed. Prac. & Proc. Juris.* § 3567 (3d ed. 2019), at nn. 54–55.

Count III is such a claim, barred by Eleventh Amendment immunity. "Under the Eleventh Amendment, states are generally immune from suits brought in federal court by their own citizens, by citizens of other states, by foreign sovereigns and by Indian tribes." *Chamber of Commerce of U.S. v. Edmondson*, 594 F.3d 742, 760 (10th Cir. 2010). The three exceptions to Eleventh Amendment immunity are: (1) "a state may consent to suit in federal court"; (2) "Congress may abrogate a State's sovereign immunity … under Section 5 of the Fourteenth Amendment;" and (3)

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **8** of **20**

"under *Ex Parte Young*, a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1166 (10th Cir. 2012). As it does not fall under any of these exceptions, "the Eleventh Amendment bars suits brought in federal court seeking to enjoin a state official from violating *state* law." *Johns v. Stewart*, 57 F.3d 1544, 1553 (10th Cir. 1995). "Indeed, the [Supreme] Court has noted 'it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Id.* (quoting *Pennhurst*, 465 U.S. at 106).

Plaintiffs ask the Court to do just that and invalidate the Secretary's rulemaking so as to purportedly comply with New Mexico's Constitution. The Eleventh Amendment does not permit such a claim to be brought in federal court. There is no suggestion that New Mexico has waived sovereign immunity for state constitutional claims to be brought in federal court. Nor do Plaintiffs point to any federal law basis for this claim that could support an exception under Section 5 of the Fourteenth Amendment or *Ex Parte Young*. Count III is a state law claim against a State that is squarely prohibited by the Eleventh Amendment.

Nonetheless, if the Court determines that it could otherwise exercise supplemental jurisdiction over Count III, it should decline to do so. 28 U.S.C. § 1367(c) provides that "district courts may decline to exercise supplemental jurisdiction … if (1) the claim raises a novel or complex issue of State law" or "(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Here, both exceptions are met. Questions of the boundaries of authority between different branches of state government—including here the interpretation of New Mexico's Constitution—are quintessential novel or complex issues of state law that should

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **9** of **20**

be left to state courts and "compelling reasons for declining jurisdiction." Indeed, this Court has denied a motion to amend that would add state law claims because "exercising jurisdiction over a separation-of-powers claim based on the New Mexico Constitution violates fundamental principles of federalism and comity." *Collins v. Daniels*, No. 1:17-cv-776-RJ, 2017 WL 11441859, at *22 (D.N.M. Dec. 11, 2017), *aff'd*, 196 F.3d 1302 (10th Cir. 2019). Likewise, the Middle District of Alabama noted that it could "scarcely conceive of more 'novel or complex issues of State law'" than a state law separation-of-powers claim. *Arthur v. Thomas*, 974 F. Supp. 2d 1340, 1357 (M.D. Ala. 2013); *see also Dream Palace v. Cty. of Maricopa*, 384 F.3d 990, 1022 (9th Cir. 2004) (affirming district court's discretion to decline supplemental jurisdiction over state law claims "concerning … issues of the balance of power between state and local authorities" that "involved delicate issues of state law"); *People ex rel. Lockyer v. Cty. of Santa Cruz*, 416 F. Supp. 2d 797, 801 (N.D. Cal. 2006) (declining jurisdiction under both 28 U.S.C. § 1367(c)(1) and (4) where case involves "internal dispute between two segments of the California state government").

The Court should decline Plaintiffs' invitation to assess whether the Secretary's 2017 rulemaking exceeded her powers under New Mexico's Constitution vis-à-vis the Governor and the Legislature. This question is moot and not an actual controversy. But if it is decided at all, it should be decided by New Mexico's state courts. Therefore, the Secretary of State respectfully requests that the Court dismiss Count III of Plaintiffs' Complaint, either on the basis that Plaintiffs lack standing to bring the Count or on the basis that the Court lacks jurisdiction to hear it.

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **10** of **20**

**II.     Plaintiffs Lack Standing To Challenge the CRA's Reporting and Disclosure Requirements as Violations of their First Amendment Rights to Privacy and Anonymous Speech.**

Plaintiffs contend in Count I that the requirements in Section 1-19-27.3(C) and (D)(2) to disclose their donors violates their "right to privacy in their association for free speech about issues." [Doc. 1, ¶ 40.] In Count II, Plaintiffs contend that the requirements in Section 1-19-26.1(C) to register with the Secretary and in Section 1-19-26.4 to disclaim their sponsorship of advertisements violates their right to "anonymity in . . . free speech about issues." [*Id.* ¶ 44.] But according to Plaintiffs' own allegations, they do not intend to engage in conduct that would subject them to the requirements of these laws. Moreover, Plaintiffs lack third-party or associational standing to sue on behalf of their donors, and this lawsuit obviates any claim to privacy or anonymity that Plaintiffs could claim on their own behalf. Plaintiffs therefore have failed to satisfy the injury in fact and redressability requirements to support standing to bring these First Amendment claims.

      A.     <u>Plaintiffs Lack Third-Party Standing or Associational Standing To Sue on Behalf of Their Donors.</u>

As an initial matter, Plaintiffs lack third-party or associational standing to assert the rights of their donors. "The Supreme Court has held that 'even when the plaintiff has alleged injury sufficient to meet the 'case or controversy' requirement, . . . the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Aid for Women v. Foulston*, 441 F.3d 1101, 1111 (10th Cir. 2006) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (alteration in original)). While courts have recognized exceptions for certain "close relationships" and associations that represent their members, neither exception

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **11** of **20**

applies in this case, where Plaintiffs have no members, and Plaintiffs' relationship with their donors is limited, at best, to a series of arms-length transactions. *Contra, e.g.*, *Aid for Women*, 441 F.3d at 1112 (holding that the physicians' relationship to their minor patients was "sufficiently close for third-party standing" to assert their minor patients' interests under *Kowalksi v. Temmer*, 543 U.S. 125 (2004)); *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 343-45 (1977) (holding that the advertising commission had associational standing where the apple growers and dealers "possess all of the indicia of membership in an organization," including the right to elect members of the commission and the exclusive rights to serve on the commission and to finance its activities).

In Plaintiffs' words, "C4T receives support from a variety of sources, including from donors of more than $5,000 per year. C4T raises money from New Mexico donors to supports its mission." [Doc. 1, ¶ 32] Under these circumstances, in which Plaintiffs have no members and only an arms-length relationship with their donors, Plaintiffs must allege their own injury and "cannot rest [their] claim to relief on the legal rights or interests of third parties." *Aid for Women*, 441 F.3d at 1111.

> B.   <u>Plaintiffs Have Not Alleged an Injury in Fact To Support Their Own First Amendment Claims to Private or Anonymous Speech.</u>

As a matter of reason, any alleged injury to Plaintiffs' right to private or anonymous speech necessarily requires Plaintiffs to possess a measure of privacy or anonymity to begin with. But in the very first paragraph of the Complaint, Plaintiffs proclaim their right to "vocally support the President of the United States, Donald J. Trump and[] his agenda." [Doc. 1, ¶ 1] Plaintiffs similarly allege that "Cowboys for Trump's focus is on educating the public about the President of the

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **12** of **20**

United States and his policies." [Doc. 1, ¶ 8] And Plaintiffs allege that they "engage in issue advocacy on issues that relate to their mission [of] promoting the causes of secure borders, the unborn's protection from abortion, and the Second Amendment." [Doc. 1, ¶ 31] Thus, any alleged injury to Plaintiffs' own right to private or anonymous speech—as opposed to the purported rights of their donors—rings hollow. *See Illinois Opportunity Project v. Bullock*, No. 6:19-cv-00056-CCL, 2020 WL 5118134, at *4 n.5 (D. Mont. Aug. 31, 2020) ("Counsel's comment during oral argument that the Executive Order invades its right to privacy because its name will appear on the State's website if its donors choose to bid on state contracts rings hollow, given counsel's statement that Illinois Opportunity is willing to forego its own privacy and advertise its plan to send out political flyers in Montana in order to raise funds."). Plaintiffs' stated purpose and intent of "vocally" supporting the President and his agenda undermine any alleged injury in fact that could support Count I or II, which therefore should be dismissed in their entirety.

    C.    <u>Plaintiffs Alleged Injuries Are Not Redressable According to the Allegations in the Complaint.</u>

Assuming *arguendo* that Plaintiffs have alleged an injury in fact to support Counts I and II, their allegations establish that a ruling in this case will not redress their alleged injuries. According to Plaintiffs, they do not intend to engage in any conduct that would subject them to the CRA's reporting and disclosure requirements. As a result, an order enjoining application of the CRA to Plaintiffs would be of no effect.

        i.    <u>Plaintiffs Allege that They "Have Not and Will Not" Make Independent Expenditures in an Amount that Would Subject them to the Disclosure Requirements of Section 1-19-27.3(C) and (D)(2).</u>

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **13** of **20**

Section 1-19-27.3 sets forth the reporting requirements for "[a] person who makes an independent expenditure not otherwise required to be reported under the [CRA]." Plaintiffs challenge Section 1-19-27.3(C) and (D)(2) in particular, which require, to a varying extent, disclosure of the names and addresses of each person who has made contributions, depending on the total amount of independent expenditures made in the election cycle. *See* § 1-19-27.3(C) (setting forth disclosure requirements for a person who makes independent expenditures in an amount totaling $3,000 or less in a nonstatewide election or $9,000 or less in a statewide election); § 1-19-27.3(D) setting forth disclosure requirements for a person who makes independent expenditures in an amount totaling more than $3,000 in a nonstatewide election or more than $9,000 in a statewide election). However, none of the disclosure requirements in Section 1-19-27.3—including the requirements in Subsections (C) and (D)(2) challenged by Plaintiffs—are required unless (1) "the expenditure, by itself or aggregated with all independent expenditures made by the same person during the election cycle exceeds one thousand dollars ($1,000) in a nonstatewide election or three thousand dollars ($3,000) in a statewide election," or (2) "the expenditure is in an amount of three thousand dollars ($3,000) or more and is made within seven days before a nonstatewide or statewide election." Section 1-19-27.3(A).

Plaintiffs contend that the disclosure requirements set forth in Section 1-19-27.3(C) and (D)(2) violate their "right to privacy in their association for free speech about issues." [Doc. 1, ¶ 40.] However, Plaintiffs allege repeatedly that they "have not and will not" make independent expenditures or financial contributions in any amount:

> Plaintiffs engage in educational advocacy in New Mexico and around the country in support of President Donald J. Trump and his policies. Plaintiffs **have not and will not make independent expenditures** in support of candidates or ballot

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **14** of **20**

> questions and they also **have not and will not make financial contributions to candidates**. Further, Cowboys for Trump's focus is on educating the public about the President of the United States and his policies. They **have not and will not make financial contributions or independent expenditures** in support of candidates for state, local, and city elections in the state in New Mexico.

[Doc. 1, ¶ 8 (emphasis added)] In fact, Plaintiffs go even further, alleging as an "indisputable fact" that "Cowboys for Trump has not expended a single penny on independent expenditures in support of or in opposition to any candidate for office, much less a state office." [Doc. 1, ¶ 13] And the Complaint is devoid of any allegation that Plaintiffs actually *intend* to make independent expenditures or financial contributions that would subject them to the requirements of Section 1-19-27.3. [*See* Doc. 1, ¶ 36 ("*If* Plaintiffs engage in this issue advocacy but fail to register . . . ." (emphasis added))]

Thus, accepting Plaintiffs' allegations as true for the purposes of this Motion, Plaintiffs "have not and will not" satisfy the minimum threshold to trigger the disclosure requirements set forth in Section 1-19-27.3(A) that would require disclosure under Section 1-19-27.3(C) and (D)(2). Plaintiffs therefore have failed to allege an injury in fact that can meet the threshold for Article III standing. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) ("An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not 'conjectural' or 'hypothetical.'" (internal quotation marks and citation omitted)). And even if the Court were to conclude that Plaintiffs have adequately alleged an injury in fact, their injury would not be redressable if the Court were to enjoin the application of Section 1-19-27.3(C) and (D)(2) against Plaintiffs. *See, e.g.*, *Comm. to Save the Rio Hondo v. Lucero*, 102 F.3d 445, 452 (10th Cir. 1996) ("[A] plaintiff must . . . establish it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.").

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **15** of **20**

    ii. <u>Plaintiffs Allege that They "Have Not and Will Not" Make Independent Expenditures in an Amount that Would Subject them to the Disclosure Requirements of Section 1-19-26.4.</u>

Plaintiffs' same allegations undermine their challenge in Count II to the disclaimer requirements set forth in Section 1-19-26.4. Under that provision, "a person who makes . . . an independent expenditure for an advertisement in an amount that exceeds one thousand dollars ($1,000) . . . shall ensure that the advertisement contains the name of the candidate, committee or other person who authorized and paid for the advertisement." Given Plaintiffs' repeated insistence that they "have not and will not" make independent expenditures in any amount, their allegations negate any possibility that they are or will become subject to the disclaimer requirement set forth in Section 1-19-26.4. *See also* N.M. Stat. Ann. § 1-19-26(N) (defining "independent expenditure" in part as an expenditure that is "made to pay for an advertisement"). As a result, Plaintiffs have failed to allege an injury in fact that would be redressable if the Court were to enjoin the application of Section 1-19-26.4 against Plaintiffs.

**III. Plaintiffs Have Failed To Demonstrate that They Are Subject to Section 1-19-26.1(E) or Would Benefit from a Ruling that the Statute Is Preempted.**

In Count IV, Plaintiffs contend that Section 1-19-26.1(E) is preempted by the Federal Election Campaign Act (FECA) and its associated regulations. Plaintiffs further contend that the CRA is preempted "to the extent that [it] requires associations of people to register with or disclose receipts and expenditures to the New Mexico Secretary of State." [Doc. 1, ¶ 57] Neither contention is supported by law or reason.

First, Plaintiffs concede that the Secretary "made a final determination that Cowboys for Trump, LLC qualifies as a political committee under New Mexico's [CRA]." [Doc. 1, ¶ 10] The

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **16** of **20**

Secretary's determination was affirmed in binding arbitration, which Plaintiffs have not challenged in this lawsuit or any other forum. Significantly, the CRA expressly provides that it does not apply when preempted by federal campaign laws. *See* N.M. Stat. Ann. § 1-19-37 ("The provisions of the [CRA] do not apply to any candidate subject to the provisions of the federal law pertaining to campaign practices and finance."). Plaintiffs therefore are in no position to argue that the CRA is preempted. Put simply, Plaintiffs have not challenged the Secretary's determination that they are subject to the CRA, which by its own terms does not apply when preempted by federal law.

Second, the provision of the CRA that Plaintiffs contend is preempted, Section 1-19-26.1(E), provides a further carve-out from federal election law. Section 1-19-26.1(E) sets forth an exception to the CRA's registration requirements for political committees that are registered with the Federal Election Commission and in compliance with the registration and reporting requirements of the FECA.

> The provisions of this section do not apply to a political committee that is located in another state and is registered with the federal election commission if the political committee reports on federal reporting forms filed with the federal election commission all expenditures for and contributions made to reporting individuals in New Mexico and files with the secretary of state, according to the schedule required for the filing of forms with the federal election commission, a copy of either the full report or the cover sheet and the portions of the federal reporting forms that contain the information on expenditures for and contributions made to reporting individuals in New Mexico.

Section 1-19-26.1(E). These requirements are entirely consistent with the FECA, which requires copies of reports filed with the FEC to also be filed with the state officers who are charged with maintaining state election campaign reports. *See* 52 U.S.C. § 30113(a)(1) ("A copy of each report and statement required to be filed by any person under this Act shall be filed by such person with the Secretary of State (or equivalent State officer) of the appropriate State, or, if different, the

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **17** of **20**

officer of such State who is charged by State law with maintaining State election campaign reports."). Thus, rather than being preempted, Section 1-19-26.1(E) merely relies on the FECA's requirements for political committees that are located in another state and in compliance with federal law.

Third, like Plaintiffs' First Amendment challenges, Plaintiffs have not alleged an injury in fact as a result of Section 1-19-26.1(E) or that they would benefit from a ruling that the provision is preempted. Indeed, it is difficult to see how Plaintiffs could be injured by Section 1-19-26.1(E) at all. Plaintiffs have not challenged the Secretary's determination that Cowboys for Trump is a political committee, nor have they alleged that they are subject to the exception set forth in Section 1-19-26.1(E). And even if they had made such an allegation,[3] the only effect that Section 1-19-26.1(E) could have on Plaintiffs would be to *exempt* them from the registration requirements of the CRA, which is the very result that Plaintiffs appear to be pursuing with their preemption claim. In short, whether Section 1-19-26.1(E) is preempted (which it is not) is irrelevant to Plaintiffs' circumstances and to this lawsuit. Plaintiffs have not met their burden to establish that they have suffered an injury in fact as a result of Section 1-19-26.1(E) or that they would benefit from a ruling that the provision is preempted. *See Wittman*, 136 S. Ct. at 1737 (holding that the burden to establish standing is on the plaintiff).

---

[3] Although beyond the scope of this motion, the Secretary does not waive the argument that Plaintiffs are not subject to Section 1-19-26.1(E). According to the Secretary's online records, Cowboys for Trump registered as a limited liability company in New Mexico in March 2019 and therefore is not a "political committee that is located in another state." Cowboys for Trump also is not registered with the FEC.

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **18** of **20**

Finally, Plaintiffs' claim that the CRA is preempted "to the extent that it requires associations of people to register with or disclose receipts and expenditures to the New Mexico Secretary of State" is overbroad and without merit. By its terms, the FECA preempts state laws only "with respect to election to Federal Office." 52 U.S.C. § 30143(A); 11 C.F.R. § 108.7(a). For political committees, the FECA supersedes state laws only for political committees "supporting Federal candidates." 11 C.F.R. § 108.7(b)(1). The FECA says nothing about a state's ability to regulate political committees supporting state candidates or state ballot questions in state elections. *Accord* § 1-19-37 ("The provisions of the [CRA] do not apply to any candidate subject to the provisions of the federal law pertaining to campaign practices and finance."). In particular, the FECA does not preempt the state's ability to regulate a political committee whose "founding member" is a local official who, himself, is subject to the requirements of the CRA. [Doc. 1, ¶ 17 ("Plaintiff Couy Griffin is a resident of Otero County, is a member of the Otero County Commission, and the founding member of Cowboys for Trump.")] See N.M. Stat. Ann. § 1-19-26(G) ("'[C]andidate' means an individual who seeks or considers an office in an election covered by the [CRA] . . . ."); § 1-19-26(K) ("'[E]lection' means any primary, general or statewide special election in New Mexico and includes county and judicial retention elections . . . ."). Indeed, anytime that "Plaintiffs engage in educational advocacy in New Mexico and around the country in support of President Donald J. Trump and his policies" [Doc. 1, ¶ 8], they are arguably conferring a benefit, in kind or otherwise, on Plaintiff Otero County Commissioner Couy Griffin, a local public official who is not a Federal candidate. Plaintiffs' preemption claim should be dismissed.

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **19** of **20**

## CONCLUSION

The Complaint should be dismissed. Plaintiffs' challenge to the Secretary's 2017 rulemaking as *ultra vires* is moot and will not redress Plaintiffs' purported injuries. By their own allegations, Plaintiffs are not subject to the requirements of the laws challenged in Counts I and II, and they lack standing to bring those claims. Finally, Plaintiffs preemption claim is overbroad, inconsistent with the FECA and the CRA, and wholly without merit. The Secretary therefore requests that the Complaint be dismissed with prejudice and for any other relief the Court deems just and proper.

Respectfully submitted,

HECTOR H. BALDERAS

By: */s/ Neil Bell*
    Neil Bell
    Amye Green
    408 Galisteo St.
    Santa Fe, NM 87501
    (505)490-4859
    nbell@nmag.gov
    agreene@nmag.gov
***Attorneys for Defendant Secretary of State Maggie Toulouse Oliver***

## CERTIFICATE OF SERVICE

I certify that on September 22, 2020, I served the foregoing on counsel of record for all parties via the CM/ECF system.

*/s/ Neil Bell*
Neil Bell

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Motion for Judgment on the Pleadings*
Page **20** of **20**