IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COWBOYS FOR TRUMP, INC
KARYN K. GRIFFIN, former LLC
member Cowboys for Trump and in her
individual capacity, COUY GRIFFIN,
as an LLC Member and in his individual
capacity,
       Plaintiffs,

v.                                                Case No: 2:20-cv-00587-GJF-SM

MAGGIE TOULOUSE OLIVER, in her
official capacity as Secretary of State of
New Mexico,

       Defendant.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on September 11, 2020 at 2 pm and was attended by:

Colin Hunter for Plaintiff, and

Neil Bell and Amye Green for Defendant.

## NATURE OF THE CASE

This is a civil rights action seeking declaratory and injunctive relief. The crux of the issues in dispute are whether the Campaign Reporting Act is unconstitutional on its face and as applied to Plaintiff and is preempted by federal law and thus cannot be applied to the Plaintiffs.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: A motion to correct the case caption to remove "Inc." Other than that, none.

Plaintiff(s) should be allowed until November 16, 2020 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendant intends to file: None.

Defendants(s) should be allowed until December 1, 2020 to move to amend the pleadings and join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter except to the extent that Defendant avers that Plaintiffs lack standing and this Court lacks jurisdiction as to any issues governed by New Mexico's Election Code and previously decided by voluntary and binding arbitration pursuant to NMSA 1978, Section 1-19-34.4(D) & (E) (1995).

The parties are willing to further stipulate to the following facts:

1. Couy Griffin is a resident of Otero County and a member of the Otero County Commission.
2. Cowboys for Trump, LLC has accepted contributions from supporters.
3. Maggie Toulouse Oliver is the Secretary of State of New Mexico.
4. In 2019, the Secretary of State made a final determination that Cowboys for Trump, LLC qualifies as a political committee under New Mexico's Campaign Reporting Act.
5. The New Mexico Legislature passed Senate Bill 96 in the March 2017 legislative session. Governor Martinez vetoed the bill on April 7, 2017.
6. The Secretary of State adopted a version of 1.10.13 NMAC that went into effect on October 10, 2017 and was amended again in 2019.

7. Senate Bill 3 was adopted by the New Mexico legislature in March of 2019 and was signed into law on April 4, 2019. The bill became effective on July 1, 2019.

The parties further stipulate and agree that the law governing this case is: 42 U.S.C. §§1983 and Section 1988. U.S. Const. Art. I, § 4, cl. 1. U.S. Const. amend. XIV, § 2., the Elections Clause, U.S. Const., Art. VI, the Supremacy Clause, U.S. Const. amend I and amend. 11, the New Mexico Campaign Reporting Act ("CRA") and The Federal Election Campaign Act ("FECA") of 1971.

## PLAINTIFF'S CONTENTIONS:

C4T asserts (1) the Campaign Reporting Act on its face and as applied to Plaintiff is preempted by federal law and thus cannot be applied to the Plaintiffs, (2) The state's laws and regulation are unconstitutional and facially invalid because they violate of the First Amendment. Lastly, SOS selective and disproportionate application of the state's campaign finance laws to C4T, a group she does not agree with on, as applied violated the First amendment. Plaintiff seeks a declaratory judgment under 28 U.S. Code § 2201 that 1978 NMSA § 1-19-26.1(E) is preempted by federal law; and (ii) the Campaign Reporting Act is further preempted by the Federal Election Campaign Act to the extent the Campaign Reporting Act requires associations of people to register with or disclose receipts and expenditures to the New Mexico Secretary of State SOS lacks the authority to compel political committee registration for political committees that make independent expenditures on behalf of candidates for federal office. The Secretary of State's citation to the Campaign Recording Act fails to outline the important statutory components that blunt SOS' expansive and erroneous interpretation of the CRA.

C4T does not make independent expenditures, whether before or after November 4, 2019. C4T has never made an independent expenditure in support of any candidate, Federal or state, or

in support of a ballot initiate. C4T has never made a contribution to a political candidate, Federal or state. C4T does support the President of the United States. Accordingly, the provisions of the CRA that require C4T to register is unconstitutional on its face and as-applied SOS's application of the CRA to C4T.

## DEFENDANT'S CONTENTIONS

Plaintiffs are not entitled to any relief because they have not suffered an injury to their constitutional rights. Defendant also asserts the following affirmative defenses:

- Plaintiffs lack standing, including because they have not suffered an injury in fact.

- Plaintiff, Cowboys for Trump, Inc. has no standing because it does not exist as an entity.

- Plaintiffs lack standing and this Court lacks jurisdictions as to any issues governed by New Mexico's Election Code and previously decided by voluntary and binding arbitration pursuant to NMSA 1978, Section 1-19-34.4(D) & (E) (1995).

- Plaintiffs' request for declaratory judgment and injunctive relief are unenforceable and vague.

- Plaintiffs' claim challenging 1.10.13 NMAC as ultra vires is barred by Eleventh Amendment immunity.

- Plaintiffs' claim challenging 1.10.13 NMAC as ultra vires is moot as a result of subsequent rulemaking following the enactment of SB 3 (2019)

- The Court lacks supplemental jurisdiction over plaintiffs' state-law claim challenging 1.10.13 NMAC as ultra vires.

- Plaintiffs are collaterally estopped from re-litigating the issues within the jurisdiction of and decided by the Arbitrator in binding statutory arbitration between Cowboys for Trump, LLC and Defendant.

## PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony.  It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

At this time, neither party can identify specific documents it believes will be exhibits at trial.

At this time, neither party can identify any witnesses, including experts, it believes will testify at trial.

Discovery will be needed on the following subjects:  *(Brief description of subjects on which discovery will be needed.)*

Maximum of 25 interrogatories by each party to any other party.  (Responses due 30 days after service).

Maximum of 25 requests for production by each party to any other party.  (Responses due 30 days after service).

Maximum of 5 depositions by Plaintiff(s) and 5by Defendant(s).

Each deposition (other than of parties) is limited to maximum of 4 hours unless extended by agreement of parties. The parties stipulate to virtual depositions during the COVID-19 pandemic.

Reports from retained experts under Rule 26(a)(2) due:

from Plaintiff(s) by 150 days of the order adopting this schedule.

from Defendant(s) by 180 days of adopting this schedule

Supplementation under Rule 26(e) due within 10 days of when new information is required *(set time(s) or interval(s))*.

All discovery commenced in time to be complete by 240 days from the date of the order adopting this schedule.

## PRETRIAL MOTIONS

Plaintiff intends to file: Motion for Preliminary and Permanent Injunction and Motion for Summary Judgment

Defendant intends to file: Defendant filed a Motion for Judgment on the Pleadings on September 22, 2020. Defendant also intends to file a Motion for Summary Judgment.

## ESTIMATED TRIAL TIME

The parties estimate trial will require three (3) days

__x__ This is a non-jury case.

____ This is a jury case.

The parties request a pretrial conference in the event the case is not resolved on the parties' intended motions for summary judgment.

## SETTLEMENT

The possibility of settlement in this case is considered unlikely.

## EXCEPTIONS

(None.)

APPROVED WITH/WITHOUT EXCEPTIONS
(note exceptions above)

*/s/ Colin Hunter*
For Plaintiff

*/s/ Amye Green*
For Defendant