**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

Before the Honorable Stephan M. Vidmar
United States Magistrate Judge

**Clerk's Minutes**

*Cowboys for Trump, Inc. v. Toulouse Oliver*, 20-cv-0587 GJF/SMV

**October 16, 2020**

| | |
|---|---|
| **Attorneys for Plaintiffs:** | Colin Lambert Hunter |
| | Jordy Lior Stern |
| **Attorneys for Defendant:** | Amye Gayle Green |
| | Neil Bell |
| **Proceedings:** | Telephonic Rule 16 Scheduling Conference |
| | LC Teleconference—MARS |
| *Start Time:* | 9:30 a.m. |
| *Stop Time:* | 10:06 a.m. |
| **Total Time:** | 36 minutes |
| **Clerk:** | RF |
| **Notes:** | — Counsel enter their appearances. |

— **The Court will issue a scheduling order assigning the case to a 210-day discovery track with discovery terminating on May 14, 2021. Plaintiff's expert reports will be due March 15, 2021. Defendant's expert reports will be due April 14, 2021. Pretrial Order will be due to the Court August 13, 2021.**
— **The parties will be permitted 25 requests for production and 25 interrogatories. The Court will not limit requests for admission at this time.**
— **The parties will be allowed 5 depositions per side, each limited to 4 hours of questioning on the record, except as agreed to by parties. Depositions of experts and parties will be limited to 7 hours of questioning on the record, unless otherwise agreed to by the parties.**
— Counsel state they are satisfied with the opposing party's initial

- disclosures.
- The Court offers the following regarding practices in federal court:
- Counsel and their legal assistants must be familiar with the Local Rules.
- Time limits on the length of depositions should be interpreted to mean the amount of time spent answering questions on the record. For example, breaks from questioning and time spent conferring with counsel should not count against the time limit.
- Generally, notices of depositions and their certificates of service should not be filed on the record. D.N.M.LR-Civ. 30.1. Parties should not file superfluous declarations on the record.
- The Court generally does not review notices of non-availability. If the Court sets a hearing for a date or time at which counsel is unavailable, counsel should contact chambers with alternative dates at which all counsel are available, and the Court will reset the hearing.
- The docket text that accompanies every filing in CM/ECF should clearly describe the contents of the filing. For example, rather than labeling a filing "certificate of service," it is more helpful to label it "certificate of service of Defendant's first set of interrogatories to Plaintiff."
- If a motion is unopposed, it should be clearly identified as such. [Additionally, counsel must follow the local rules on unopposed motions. For example, a proposed order is required but should not be filed on the record. Instead, it should be submitted via electronic mail to the appropriate judge's "proposed text" e-mail address. Judge Vidmar's is vidmarproposedtext@nmd.uscourts.gov.]
- When filing motions, counsel shall comply with D.N.M.LR-Civ. 7.1(a), which requires a good-faith request for concurrence before filing. Motions failing to reflect that such a request for concurrence was made are routinely denied without prejudice.
- The Court requires that counsel make a good-faith effort to speak with opposing counsel before filing a motion to compel. One-sided communication via email of a party's intent to file a motion to compel does not suffice. Moreover, counsel should not attach their email correspondence, if any, as exhibits to their briefing.
- Counsel should note D.N.M.LR-Civ. 26.6, which requires that motions to compel be filed within 21 days of service of an

objection to discovery requests, unless the response specifies that documents will be produced or inspection allowed. The discovery-motions deadline in the Scheduling Order does not trump this local rule.
— If the parties are trying to resolve discovery disputes and the deadline for a motion to compel is approaching, the Court encourages the parties to either stipulate to an extension of the deadline or file the motion to compel by the deadline.
— In briefing on motions to compel, the parties should state in the briefing (or attach as exhibits) *only* the specific interrogatories or requests that are in dispute. Parties should not attach to their briefing an entire set of discovery requests when a single item is in dispute.
— Counsel should note Fed. R. Civ. P. 37, which provides that courts *must* award fees and expenses to the prevailing party on a motion to compel (unless the opposing party was substantially justified or an award of expenses would otherwise be unjust).
— If a party files a motion and there is relevant Tenth Circuit law on the issue, the party must identify and address such law in the motion. If there is no relevant Tenth Circuit law on the issue, the party should indicate as much in the motion.
— Pursuant to Fed. R. Civ. P. 34(b)(2)(C), if a party objects to a discovery request, the response to the request must clearly state whether or not the objecting party is actually withholding documents based on its objection.
— The Court discourages cross motions.
— All documents exchanged in discovery, whether formally or informally, should be Bates-stamped.
— The parties are encouraged to proceed with discovery sooner rather than later, especially on liability.
— Counsel are responsible for ensuring that their expert witnesses are prepared to be deposed as of the day the expert is disclosed.
— The scheduling of expert witness depositions does not have to wait until the experts are disclosed. If counsel knows that an expert may be disclosed on a certain date, a deposition can tentatively be set for one week after disclosure, for example, rather than waiting for disclosure to begin to look at scheduling.
— Boilerplate objections are not allowed.
— If the parties encounter discrete discovery disputes, counsel are encouraged to call chambers, and if the Judge is in the office, he will attempt to resolve the dispute.

- If counsel file a motion and subsequently resolve the dispute that the motion relates to, they should file a notice of withdrawal. If counsel resolve some of the issues in the motion, they should call chambers and inform the law clerks about which issues have been resolved and which issues remain unresolved.
- The Court encourages the parties not to wait to file dispositive motions. Filing such a motion well in advance of a settlement conference increases the likelihood of settlement.
- Counsel should never assume that a ruling by the referral judge alters a ruling or order by the presiding judge.
- If counsel schedule private mediation, they must notify chambers.
- There being nothing further, Court is in recess.