IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

COWBOYS FOR TRUMP, INC.,
KARYN K. GRIFFIN, former LLC
member for Cowboys for Trump and in
her individual capacity, COUY
GRIFFIN, as an LLC Member and in his
individual capacity,

        **Plaintiffs,**

v.                                                   Case No: 2:20-cv-0587 GJF/SMV

MAGGIE TOULOUSE OLIVER, in her
official capacity as Secretary of State of
New Mexico,

        **Defendant.**

## REPLY IN SUPPORT OF
## MOTION FOR JUDGMENT ON THE PLEADINGS

Secretary of State Maggie Toulouse Oliver (the "Secretary") submits the following Reply in support of the Motion for Judgment on the Pleadings (the "Motion"). [Doc. 14] Plaintiffs' Response [Doc. 23] fails to rescue the Complaint [Doc. 1] from the basic factual and legal deficiencies demonstrated in the Motion. Specifically, Plaintiffs concede that Count III should be dismissed; fail to demonstrate that they have standing to support their First Amendment claims; and fail to demonstrate that the Campaign Reporting Act ("CRA") is preempted by the Federal Election Campaign Act ("FECA") or that they would benefit from a ruling that the CRA is preempted. Accordingly, the Complaint should be dismissed.

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Reply in Support of Motion for Judgment on the Pleadings*
Page **1** of **9**

I.      **Count III Should Be Dismissed.**

Plaintiffs concede that Count III should be dismissed.[1] The Court therefore should dismiss Count III with prejudice for the reasons argued in the Motion. [Doc. 14 at 3-10]

II.     **Plaintiffs Lack Standing To Challenge the CRA's Reporting and Disclosure Requirements as Violations of their First Amendment Rights to Privacy and Anonymous Speech.**

    A.      Plaintiffs Lack Standing To Sue on Behalf of Their Donors.

Plaintiffs rely on a single case, *NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449 (1958), to support their asserted right to sue on behalf of their alleged donors. Rather than supporting Plaintiffs' right to represent the rights and interests of unidentified donors, *NAACP* reinforces the general rule that an association may assert the rights of its *members* when the association's nexus with those members "is sufficient to permit that it act as their representative" before the courts. *Id.* at 458-59. In reaching that conclusion, the Supreme Court specifically noted that the NAACP is "a nonprofit *membership* corporation," with membership available to "any person who is in accordance with its principles and policies" as set forth in the NAACP's formal Certificate of Incorporation.[2] *Id.* at 451 & note, 459 (emphasis added and alterations omitted). And the Court

---

[1] The Secretary assumes that Plaintiffs' reference to "Count I" in the introduction and conclusion of the Response is a typographical error. [Doc. 23 at 1, 7 ("Plaintiffs agree that *Count I* shall be dismissed." (emphasis added))] The Secretary's assumption is consistent with the argument section of the Response, which addresses Counts I, II, and IV of the Complaint, and does not reference Count III, which challenged the Secretary's 2017 rulemaking. [Doc. 23 at 2-7]

[2] "The Certificate of Incorporation of the [NAACP] provides that its 'principal objects are voluntarily to promote equality of rights and eradicate caste or race prejudice among the citizens of the United States; to advance the interest of colored citizens; to secure for them impartial suffrage; and to increase their opportunities for securing justice in the courts, education for their children, employment according to their ability, and complete equality before the law.'" *NAACP*, 357 U.S. at 451, note.

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Reply in Support of Motion for Judgment on the Pleadings*
Page **2** of **9**

repeatedly referred to the NAACP and its *members*, and emphasized that the NAACP "and its *members* are in every practical sense identical." *Id.* at 458-59 (emphasis added).

In this case, Plaintiffs have no members, and their relationship with their donors is limited, at best, to a series of arms-length transactions that do not support standing. Unlike the NAACP, Cowboys for Trump is organized as a Limited Liability Corporation and has not alleged a formal corporate purpose that would obligate Plaintiffs to spend donor-contributions in any particular manner. Instead, Plaintiffs' donors make a contribution to an LLC and walk away, without any membership or continuing ability to control or influence Plaintiffs' future activities. [Doc. 1, ¶¶ 15, 32] Unlike the nexus between the NAACP and its members, who "are in every practical sense identical," Plaintiffs have failed to establish a nexus with their donors sufficient to permit them to represent their donors' purported interests before the Court. *See also*, *e.g.*, *Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 343-45 (1997) (holding that the commission had associational standing where the apple growers and dealers "possess all of the indicia of membership in an organization," including the right to elect members of the commission and the exclusive rights to serve on the commission and to finance its activities); *Gettman v. Drug Enforcement Admin.*, 290 F.3d 430, 435 (D.C. Cir. 2017) (holding that a magazine lacked associational standing to sue on behalf of its readers and subscribers because "readership is not the same as membership" and the magazine had failed to show that its readers and subscribers "played any role in selecting its leadership, guiding its activities, or financing those activities").

Plaintiffs similarly do not argue that they have a "close relationship" with their donors sufficient to confer third-party standing. *See, e.g.*, *Aid for Women v. Foulston*, 441 F.3d 1101, 1112 (10th Cir. 2006) (holding that the physicians' relationship to their minor patients was "sufficiently

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Reply in Support of Motion for Judgment on the Pleadings*
Page **3** of **9**

close for third-party standing" to assert their minor patients' interests). As such, Plaintiffs "cannot rest [their] claim to relief on the legal rights or interests of third parties." *Id.* at 1111.

>    B.  <u>Plaintiffs Have Not Alleged an Injury in Fact To Support Their Own First Amendment Claims to Private or Anonymous Speech.</u>

The Secretary argued in the Motion that Plaintiffs' alleged injury to their own right to private or anonymous speech "rings hollow" because they have not alleged a measure of privacy or anonymity to begin with. [Doc. 14, at 12-13] In response, Plaintiffs argue that "the First Amendment protects the right to speak anonymously"; that "anonymity protects unpopular individuals from retaliation . . . at the hand of an intolerant society"; and that "anonymous pamphleteering in the United States has been essential to the development of our democracy." [Doc. 23 at 4 (citing *Talley v. California*, 362 U.S. 60 (1960) and *McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995))]

These arguments miss the point. According to Plaintiffs' own allegations, Plaintiffs do not engage in private or anonymous speech—including anonymous pamphleteering—for the purpose of avoiding retaliation or otherwise. To the contrary, Plaintiffs "vocally" and publicly support President Trump and "promot[e] the causes of secure borders, the unborn's protection for abortion, and the Second Amendment." [Doc. 1, ¶¶ 8, 31] Plaintiffs cannot claim injury to an abstract right to private or anonymous speech when their very purpose is to attract public attention, particularly to Plaintiff Otero County Commissioner Couy Griffin. [*Cf.* Doc 23 at 6 ("The [CRA] does not extend the Secretary's reach anytime a New Mexico elected official appears on Facebook or rides a horse to the nation's capitol. . . . An 'in kind' benefit to Commission[er] Griffin inured by appearing in an online video is not an independent expenditure.")] Under these circumstances—

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Reply in Support of Motion for Judgment on the Pleadings*
Page **4** of **9**

when the effects of complying with the CRA would pale in comparison to the notoriety that Plaintiffs seek for themselves—Plaintiffs' claimed injury to their right to private or anonymous speech "rings hollow" and fails to support standing for Counts I or II of the Complaint. *See Illinois Opportunity Project v. Bullock*, No. 6:19-cv-00056-CCL, 2020 WL 5118134, at *4 n.5 (D. Mont. Aug. 31, 2020) ("Counsel's comment . . . that the Executive Order invades its right to privacy because its name will appear on the State's website . . . rings hollow, given counsel's statement that Illinois Opportunity is willing to forego its own privacy and advertise its plan to send out political flyers in Montana in order to raise funds.").

      C.     <u>Plaintiffs' Alleged Injuries Are Not Redressable, According to the Allegations in the Complaint.</u>

The Secretary argued in the Motion that a ruling in this case will not redress Plaintiffs' alleged injuries because Plaintiffs repeatedly allege that they "have not and will not" make independent expenditures in an amount that would subject them to the disclosure and disclaimer requirements of N.M. Stat. Ann. Section 1-19-27.3(C) and (D)(2) or Section 1-19-26.4. [Doc. 14 at 13-15] As a result, Plaintiffs' requested relief of enjoining the application of those provisions of the CRA would have no effect. Plaintiffs argue in response that their asserted injury is *not* "having to comply with the reporting and disclosure requirement of the CRA"; rather, the real injury in this case according to Plaintiffs is the "chilling effect of reporting and disclosure requirements have on their exercise of free speech rights." [Doc. 23 at 5] Plaintiffs argue that injunctive relief "would remove any chilling effect caused by the requirements and thereby put a stop to the alleged continuing injury." [Doc. 23 at 5]

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Reply in Support of Motion for Judgment on the Pleadings*
Page **5** of **9**

Again, Plaintiffs' argument misses the point. Any injury allegedly resulting from application of the CRA against Plaintiffs—including an asserted chilling of their free speech rights—is wholly undermined by Plaintiffs' repeated allegations that they "have not and will not" make independent expenditures in an amount that would trigger the CRA's disclosure and disclaimer requirements. [Doc. 1, ¶ 8; *id.* ¶ 13 ("Cowboys for Trump has not expended a single penny on independent expenditures in support of or in opposition to any candidate for office, much less a state office.")] If Plaintiffs "have not and will not" engage in conduct that will subject them to the CRA's requirements, then enjoining the application of the CRA against Plaintiffs can have no effect on Plaintiffs' free speech rights. Moreover, Plaintiffs have not alleged that they intend to engage in conduct that would subject them to the CRA; they posit only that "if" they did so and failed to register, they would be subject to the CRA's criminal and civil penalties.[3] [Doc. 1, ¶ 36]

Thus, according to Plaintiffs, the Secretary's determination that Cowboys for Trump is a political committee under the CRA has not affected their actual or intended conduct in any way. As a result, Plaintiffs have failed to establish that they have suffered an injury in fact as a result of the application of the CRA or that any purported injury would be redressed if the Court were to grant the relief requested under Count I or II of the Complaint. *See, e.g.*, *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161-62 (2014) (to bring a pre-enforcement challenge, a plaintiff must

---

[3] Plaintiffs are in a catch-22 of their own making. By accepting the Secretary's determination that they are a political committee subject to the CRA while simultaneously refusing to register and disclose with the Secretary as required by the CRA (or, upon information and belief, to register with the Federal Election Commission (FEC) as required by the Federal Election Campaign Act (FECA)), Plaintiffs are unable or unwilling to allege that they have engaged or intend to engage in conduct that would subject them to the CRA (or the FECA). Their steadfast allegations to the contrary undermine any argument that an injunction would redress their alleged injuries.

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Reply in Support of Motion for Judgment on the Pleadings*
Page **6** of **9**

allege "an intention to engage in a course of conduct arguably affected with a constitutional interest" and demonstrate that their intended conduct is "arguably proscribed by the statute they wish to challenge." (internal quotation marks, alterations, and citations omitted)).

### III. Plaintiffs Have Failed To Demonstrate that They Are Subject to Section 1-19-26.1(E) or Would Benefit from a Ruling that the Statute Is Preempted.

The Secretary argued in the Motion that Count IV should be dismissed for four reasons:[4] (1) Plaintiffs have accepted the Secretary's determination that Cowboys for Trump is a political committee under the CRA and therefore cannot claim that the CRA is preempted, particularly when the CRA expressly does not apply when it is preempted by federal law; (2) Section 1-19-26.1(E) is consistent with the FECA and its associated regulations and therefore is not preempted; (3) even if Plaintiffs were subject to Section 1-19-26.1(E) (which they are not), they would lack standing to challenge the provision because its effect would be to *exempt* Plaintiffs from the registration requirements of the CRA; and (4) Plaintiffs claim that the CRA is preempted "to the extent that it

---

[4] Count IV is reproduced here, in its entirety, for ease of reference:

> 55. Federal law preempts state law with respect to election to federal office. 52 U.S.C. § 30143(a).
>
> 56. Federal law supersedes "state law concerning the (1) organization and registration of political committees supporting Federal candidate; (2) disclosure of receipts and expenditures by Federal candidates and political committees; and (3) limitation on contributions and expenditures regarding Federal candidates and political committees." 11 C.F.R. § 108.7(b)(1)-(3).
>
> 57. Plaintiffs seeks a declaratory judgment under 28 U.S. Code § 2201 that (i) 1978 NMSA §1-19-26.1(E) is preempted by federal law; and (ii) the Campaign Reporting Act is further preempted by the Federal Election Campaign Act to the extent the Campaign Reporting Act requires associations of people to register with or disclose receipts and expenditures to the New Mexico Secretary of State. [Doc. 1]

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Reply in Support of Motion for Judgment on the Pleadings*
Page **7** of **9**

requires associations of people to register with or disclose receipts to the New Mexico Secretary of State" is manifestly overbroad and without merit. [Doc. 14, at 16-19]

Rather than address these arguments, Plaintiffs attempt to rewrite their preemption claim in a manner that underscores why dismissal of their actual claim is appropriate. To start, Plaintiffs essentially abandon their challenge to Section 1-19-26.1(E) and instead argue that the CRA is wholly preempted for "groups who support Federal candidates, like Cowboys for Trump."[5] [Doc. 23, at 5] Plaintiffs also appear to challenge the Secretary's interpretation of the CRA's definition of an independent expenditure, as set forth in N.M. Stat. Ann. Section 1-19-26(N). [Doc. 23, at 6] And finally, Plaintiffs ask the Court to allow them to amend the Complaint, either to clarify that they are challenging the Secretary's determination that they are a political committee, or to add a new claim that directly challenges the arbitration decision. [Doc. 23, at 7]

Thus, Plaintiffs effectively argue that their true preemption claim (1) is not the claim raised in the Complaint; and (2) is predicated on a non-existent challenge to the Secretary's interpretation of state law that Cowboys for Trump is a political committee subject to the CRA. Initially, a challenge to the Secretary's interpretation of state law would rely on the Court's supplemental jurisdiction, which does not extend to claims barred by Eleventh Amendment immunity. *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 542 (2002) ("[W]e hold that § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants."); *see also Pettigrew v. Oklahoma ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1213 (10th Cir. 2013). But more to

---

[5] In support of their preemption claim, Plaintiffs repeatedly imply that they have registered with the FEC. [Doc. 23, at 5-7] However, the Complaint includes no such allegation, and the Secretary, upon information and belief, denies any suggestion that Cowboys for Trump has registered with the FEC or complied with the reporting requirements of the FECA.

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Reply in Support of Motion for Judgment on the Pleadings*
Page **8** of **9**

the point, Plaintiffs' arguments go well-beyond, and even contradict, the actual allegations and claims set forth in the Complaint. Rather than guess at the factual and legal bases for Plaintiffs' preemption claim, the Court should dismiss Count IV for the reasons argued in the Motion.

## CONCLUSION

Plaintiffs concede that Count III of the Complaint should be dismissed. The Secretary further submits that the Complaint should dismissed in its entirety for the reasons set forth in the Motion and this Reply. Accordingly, the Secretary requests that the Complaint be dismissed with prejudice and for any other relief the Court deems just and proper.

Respectfully submitted,

HECTOR H. BALDERAS

By: */s/ Neil Bell*
    Neil Bell
    Amye Green
    408 Galisteo St.
    Santa Fe, NM 87501
    (505)490-4859
    nbell@nmag.gov
    agreene@nmag.gov
***Attorneys for Defendant Secretary of State Maggie Toulouse Oliver***

## CERTIFICATE OF SERVICE

I certify that on November 4, 2020, I served the foregoing on counsel of record for all parties via the CM/ECF system.

*/s/ Neil Bell*
Neil Bell

*Cowboys for Trump v. Oliver*, Case No. 2:20-cv-00587 GJF/SMV
*Reply in Support of Motion for Judgment on the Pleadings*
Page **9** of **9**